UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF INDIANA
-----------------------------------------------------------------X
GREGORY J. DEERE and GINA R. DEERE   :   CIVIL ACTION
              Plaintiffs,   :
                 :   No. 1:14-CV-01077
       v.   :
                 :   **COMPLAINT**
AMERICAN WATER WORKS COMPANY, INC. :
d/b/a INDIANA AMERICAN WATER CO., INC.   :
              Defendant.   :
-----------------------------------------------------------------X

Plaintiffs GREGORY J. DEERE and GINA R. DEERE, by and through their undersigned counsel, allege:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this civil action under 28 U.S.C. § 1332(a)(1).

2. In this civil action, the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States.

3. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

4. A substantial part of the events or omissions giving rise to the claim occurred in the Southern District of Indiana.

## PARTIES

5. Plaintiffs GREGORY J. DEERE and GINA R. DEERE (collectively "Plaintiffs") are natural persons.

6. Plaintiffs are residents of Tippecanoe County, Indiana.

7. Plaintiffs are domiciliaries of Tippecanoe County, Indiana.

8. Plaintiffs are citizens of the State of Indiana.

9. Defendant in this action is AMERICAN WATER WORKS COMPANY, INC. d/b/a INDIANA-AMERICAN WATER COMPANY, INC. ("Defendant").

1

10. Defendant is a corporation organized and existing under the law of the State of Delaware.

11. Defendant's principal place of business is located in Voorhees, New Jersey.

12. Defendant's corporate headquarters is located at 1025 Laurel Oak Road, Voorhees, New Jersey 08043.

13. Defendant's telephone number is 856-246-8200.

14. Defendant is a citizen of the State of Delaware.

15. Defendant is a citizen of the State of New Jersey.

16. Upon information and belief, Defendant is a water and wastewater utility company.

17. Upon information and belief, Defendant claims to be the most geographically diversified, as well as the largest publicly-traded, United States water and wastewater utility company, as measured by both operating revenue and population served.

18. Upon information and belief, Defendant conducts substantially all of its business operations through its subsidiaries.

19. Upon information and belief, Defendant's approximately 6,600 employees provide an estimated 14 million people with drinking water, wastewater, and other water-related services in over 30 states and at least two Canadian provinces.

20. Upon information and belief, Defendant reported revenue of over $2.9 Billion in 2013.

21. Defendant does business as INDIANA AMERICAN WATER CO., INC. in Indiana.

22. INDIANA AMERICAN WATER CO., INC. is Defendant's subsidiary and/or agent, employee, or representative.

23. Upon information and belief, at all times mentioned in this Complaint, Defendant's subsidiary, through its agents, employees, or representatives, and in doing the things

alleged in this Complaint, were acting within the course and scope of agency and/or employment.

## FACTUAL ALLEGATIONS

24. At all times mentioned in this Complaint, Defendant controlled, leased, owned, maintained, managed, and/or operated a subsidiary water and wastewater utility company known as Indiana-American Water Company, Inc. ("Water Company").

25. Upon information and belief, Defendant also does business as California American Water, Hawaii American Water, Illinois American Water, Indiana American Water, Iowa American Water, Kentucky American Water, Maryland American Water, Michigan American Water, New Jersey American Water, New York American Water, Pennsylvania American Water, Tennessee American Water, Virginia American Water, and/or West Virginia American Water.

26. The words "American Water" and the star logo are the registered trademarks of AMERICAN WATER WORKS COMPANY, INC.

27. Defendant owns or controls the content of the website located at www.amwater.com.

28. Water Company's principal place of business is located at 1007 Happy Hallow Road, West Lafayette of Tippecanoe County, Indiana 47906.

29. Defendant, through Water Company, provided residential water-related service(s) to Plaintiffs.

30. At all pertinent times alleged in this Complaint, Defendant, through Water Company, and/or its agents, employees, and/or representatives, was responsible for the water services for the real property owned by Plaintiff GREGORY J. DEERE and Plaintiff

GINA R. DEERE located at 1824 Klondike Road in West Lafayette, Indiana 47906 ("Premises" or "Property").

31. The property number, pursuant to property records of Tippecanoe County of Indiana records is: 79-06-15-226-015.000-023.

32. The alternate property number, pursuant to property records of Tippecanoe County of Indiana is: 134-07205-0013.

33. Defendant has the legal duty or assumed the duty to properly maintain and repair the residential water-related meter equipment and/or lines located on Plaintiffs' Property.

34. On or about August 6, 2012 at approximately 1:00 PM Eastern Standard Time, Plaintiff GREGORY J. DEERE was mowing his backyard lawn when suddenly and without warning, the water meter cover caved into the ground, dropping approximately three (3) feet into a pit, causing Plaintiff GREGORY J. DEERE to lose his balance and fall (hereinafter, "fall" and/or "incident").

35. While falling to the ground, Plaintiff GREGORY J. DEERE feared his lawn mower would land on him, causing serious bodily injury.

36. Plaintiff GREGORY J. DEERE attempted to push the mower forward and away from his body as he fell.

37. Plaintiff GREGORY J. DEERE's left foot fell into the pit while his right foot remained at the surface level with the rest of the lawn, which caused him to go into the splits, a physical position in which the legs are in line with each other and extended in opposite directions position before falling backward into the pit in the ground.

38. Plaintiff GREGORY J. DEERE went into shock as a result of the fall.

39. Plaintiff GREGORY J. DEERE was fearful of what could be in the pit

40. Plaintiff GREGORY J. DEERE managed get himself to a standing position, stagger to his home, and open the back door.

41. Plaintiff GREGORY J. DEERE yelled for his wife, Plaintiff GINA R. DEERE, to attend to him.

42. Plaintiff GINA R. DEERE saw that her husband was injured and wet.

43. Plaintiff GREGORY J. DEERE explained to Plaintiff GINA R. DEERE what had happened him, as Plaintiff GINA R. DEERE examined the pit in the ground and exclaimed, "Oh My!"

44. Plaintiff GINA R. DEERE called Water Company, who sent an employee ("Employee") who arrived to the Property within approximately thirty (30) minutes of the incident.

45. Employee examined the site of the incident and reported to a person believed to be the Water Company area manager ("Manager"), who advised Employee to remain with Plaintiff GREGORY J. DEERE.

46. Plaintiff GREGORY J. DEERE informed Employee that Plaintiff GREGORY J. DEERE did not believe he had broken any bones.

47. Employee retrieved and erected one or more orange cones and placed the orange cone(s) and tape around the pit in the ground of the Property.

48. Plaintiff GREGORY J. DEERE remained stiff and in pain.

49. Hours later, as Plaintiff GREGORY J. DEERE prepared himself to lie down in bed, he began to experience severe lower back pain and pain in his upper right buttocks.

50. Soon after, Plaintiff GREGORY J. DEERE experienced localized pain in his right foot that caused pain to shoot up his right leg.

51. Plaintiff GREGORY J. DEERE managed to lie down onto his bed, but he was awakened multiple times throughout the night due to the severe pain in his body from the incident.

52. Plaintiff GREGORY J. DEERE's pain progressively worsened in the days following the incident.

53. Plaintiff GREGORY J. DEERE sought medical attention and frequented physical therapy at a substantial cost to Plaintiffs.

54. Plaintiff GREGORY J. DEERE has suffered a devastating, long-lasting injury due to the incident.

55. Since the incident, Plaintiff GREGORY J. DEERE, due to his severe injuries as a result of the incident, has not been able to provide his spouse, PLAINTIFF GINA R. DEERE, with the services, companionship, love, affection, sexual relations, aid, fellowship, company, cooperation, and/or comfort enjoyed before the incident.

56. Since the incident, Plaintiff GINA R. DEERE, due to Plaintiff GREGORY J. DEERE's severe injuries as a result of the incident, has not been able to provide her spouse, PLAINTIFF GREGORY J. DEERE, with the services, companionship, love, affection, sexual relations, aid, fellowship, company, cooperation, and/or comfort enjoyed before the incident.

57. Since the incident, Plaintiff GREGORY J. DEERE experiences severe pain when he attempts to do remodeling and/or handyman work, such that the pain prevents him from performing such activity, which before the incident Plaintiff GREGORY J. DEERE used to do routinely and enjoy.

58. As a result of the incident, Plaintiff GREGORY J. DEERE has had to forego anticipated work opportunities.

## COUNT I - NEGLIGENCE

59. Plaintiffs herein incorporate each and every allegation in Paragraphs 1-58.

60. Defendant, its subsidiary, agent(s), employee(s), and/or representatives negligently controlled, leased, owned, maintained, managed, operated, repaired, and/or serviced the residential water-service meter and/or equipment located on Plaintiff's Property by having:

   a. Failed to properly safeguard Plaintiff against the dangerous condition, or to warn Plaintiff of its existence, which directly and proximately caused Plaintiff to abruptly fall into the pit and sustain serious bodily injuries;

   b. Failed to properly maintain the floor of the water meter cover, tube, and/or the products used to assemble them in a reasonably safe condition;

   c. Created and/or allowed an unsafe assembly of parts to remain in and/or on the Plaintiff's Property when Defendant knew or, in the exercise of reasonable care should have known, that the improperly assembled water meter and/or cover created an unreasonable risk of harm to other person on Premises, including Plaintiffs;

   d. Failed to warn Plaintiffs of the danger presented by the presence of the known dangerous condition;

   e. Failed to barricade the known dangerous condition;

   f. Failed to install a proper cover on the water meter on the Property;

   g. Failed to properly train and supervise its employee(s), agent(s), and/or representative(s); and/or

    h. Failed to otherwise exercise due care with respect to the matters alleged in this Complaint.

61. As a direct and proximate result of the negligence of Defendant, as set forth above, Plaintiff GREGORY J. DEERE fell to the ground on his Property and sustained serious personal injuries and damages.

62. As a further direct and proximate result of the negligence of Defendant, as set forth above, Plaintiff GREGORY J. DEERE sustained personal injuries to his mind and body, all of which are or may be of a permanent nature and said injuries include but are not limited to the following:

    a. Nerve damage to the lower body extremities;

    b. Back injuries;

    c. Upper right buttock pain;

    d. Foot injuries;

    e. Leg injuries; and

    f. Hamstring muscle injuries.

63. As a further direct and proximate result of the negligence of Defendant, as set forth above, Plaintiff GREGORY J. DEERE sustained damages, including but not limited to the following:

    a. Pain when sitting;

    b. Inability to sit still;

    c. Inability to sleep comfortably;

    d. General pain and suffering;

    e. Pain when performing routine activities;

    f.   Emotional and mental distress;

    g.   Shock;

    h.   Fright;

    i.   Loss of sleep;

    j.   Anxiety;

    k.   Instability;

    l.   Diminished capacity to work, labor, and earn money;

    m.   Future anxiety, pain, and/or suffering;

    n.   Special damages for past and future expenses for hospital, medical, and therapeutic care and treatment; and

    o.   Lost wages, future earnings, lost profits, and loss of earnings, earnings power, and opportunity.

64. Plaintiff GREGORY J. DEERE has been prescribed medication for pain.

65. Prescribed medication is insufficient in alleviating Plaintiff GREGORY J. DEERE's symptoms.

### COUNT II – LOSS OF CONSORTIUM

66. Plaintiffs hereby incorporate by reference each and every allegation contained in Paragraphs 1-65.

67. Plaintiffs were at the time of the incident and still are husband and wife and that as a direct and proximate result of Defendant's negligence and the resulting injuries sustained by Plaintiff GREGORY J. DEERE, Plaintiff GINA R. DEERE has suffered loss of consortium, including but not limited to:  material services, both conjugal and other

9

elements of companionship, such as service, aid, fellowship, companionship, company, cooperation, and/or comfort from Plaintiff GREGORY J. DEERE's pain and/or circumstances of discomfort and that Plaintiff GINA R. DEERE will continue to suffer such loss of consortium into the indefinite future and likely be permanent.

### COUNT III – LOSS OF CONSORTIUM

68. Plaintiffs hereby incorporate by reference each and every allegation contained in Paragraphs 1-67.

69. Plaintiffs were at the time of the incident and still are husband and wife and that as a direct and proximate result of Defendant's negligence and the resulting injuries sustained by Plaintiff GREGORY J. DEERE, Plaintiff GREGORY J. DEERE has suffered loss of consortium, including but not limited to:  material services, both conjugal and other elements of companionship, such as service, aid, fellowship, companionship, company, cooperation, and/or comfort from Plaintiff GREGORY J. DEERE's pain and/or circumstances of discomfort and that Plaintiff GREGORY J. DEERE will continue to suffer such loss of consortium into the indefinite future and likely be permanent.

WHEREFORE, Plaintiffs GREGORY J. DEERE and GINA R. DEERE pray for an entry of judgment against Defendant AMERICAN WATER WORKS COMPANY, INC. d/b/a/ INDIANA-AMERICAN WATER CO., INC., awarding Plaintiff compensatory damages in the amount of Seven Million Dollars ($7,000,000.00 U.S.) or, in the alternative, an amount to be determined at trial, including interest, costs of this action, and such other and further relief as this Court may deem just and proper.

Respectfully submitted,

Dated: Lafayette, Indiana
       June 26, 2014

s/ Duran Keller
DURAN KELLER, ESQ. (31743-79)
KELLER LAW LLP
8 North Third Street, Suite 403
Lafayette, Indiana 47901
(765) 444-9202 Telephone
(765) 807-3388 Facsimile
duran@kellerlawllp.com