UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

GREGORY J. DEERE,                                    )
GINA R. DEERE,                                       )
                                                     )
                          Plaintiffs,                )
                                                     )        No. 1:14-cv-01077-WTL-MJD
            vs.                                      )
                                                     )
AMERICAN WATER WORKS COMPANY,                        )
INC.,                                                )
                                                     )
                          Defendant.                 )

## ORDER ON PLAINTIFFS' MOTION TO COMPEL AND FOR SANCTIONS

This matter comes before the Court on Plaintiffs' Motion to Compel and for Sanctions.

[Dkt. 86.] For the following reasons, the Court **GRANTS IN PART** and **DENIES IN PART**

Plaintiffs' Motion.

## I.        Background

On June 26, 2014, Gregory and Gina Deere ("Plaintiffs"), sued American Water Works

Company, Inc., d/b/a Indiana American Water Co., Inc. ("Defendant" or "American Water").

[Dkt. 1.] Plaintiffs allege that Defendant was responsible for providing water services on

Plaintiffs' property, but that Defendant negligently failed to maintain Plaintiffs' water meter. [*Id.*

¶¶ 30, 33, 60.] This failure allegedly caused the ground around the water meter to collapse,

which in turn caused injuries to Gregory Deere. [*Id.* ¶¶ 34, 48, 49.] Plaintiffs now assert claims

for negligence and loss of consortium. [*Id.* ¶¶ 60-69.]

On September 4, 2014, Defendant filed an "Amended Motion to Dismiss for Lack of

Jurisdiction." [Dkt. 36.] Defendant asserted two grounds for dismissal: 1) lack of diversity

jurisdiction and 2) the presence of a pending state case involving the same matter. [*Id.*]

Defendant's first argument was based on the premise that "American Water Works Company" was not the proper entity for Plaintiffs to sue. [Dkt. 37 at 1.] Defendant argued that American Water was merely a "holding company" that was "not responsible in any way for the allegations of negligence" in Plaintiffs' complaint. [*Id.* at 1-2.] Instead, Defendant maintained that the proper party was "Indiana American Water Company, Inc." ("Indiana Water"), which Defendant alleged was a citizen of Indiana. [*Id.* at 2.] Because Plaintiffs are also citizens of Indiana, naming Indiana Water as a Defendant would have eliminated diversity of citizenship, thereby depriving this Court of jurisdiction. [*See id.* at 2.]

Defendant's second argument for dismissal was based on Plaintiffs' August 5, 2014 filing of a state court action against Indiana Water in the Tippecanoe County Circuit Court. [*Id.* at 3.] Defendant claimed that the allegations in the state case were substantially identical to the allegations in Plaintiffs' complaint in this case, such that "there is no basis for this court to exercise or maintain jurisdiction over this cause." [*Id.*]

On September 29, 2014, Defendant filed a "Second Amended Motion to Dismiss for Lack of Jurisdiction." [Dkt. 45.] This time, Defendant asserted that the Court should dismiss the case under Fed. R. Civ. P. 12(b)(7) because Plaintiffs had failed to join a party—Indiana Water—as required by Rule 19. [*Id.*] Defendant withdrew its first "Amended Motion to Dismiss for lack of Jurisdiction," [*id.*], but the Second Amended Motion to Dismiss remains pending.

On November 21, 2014, Plaintiffs served their First Set of Interrogatories on Defendant. [*See* Dkt. 86 ¶ 1.] Defendant's responses were due on December 22, 2014, *see* Fed. R. Civ. P. 33(b)(2), but Defendant did not respond by that date. [*See* Dkt. 86 ¶ 1.] On December 29, 2014, Defendant then filed a motion for an extension of time to respond. [Dkt. 77.] The Court granted that motion and gave Defendant until January 20, 2015 to respond. [Dkt. 79.]

Instead of responding, Defendant on January 20, 2015 filed a motion to stay discovery. [Dkt. 82.] One week later, the Court denied that motion, [Dkt. 83], and the next day, the parties conferred before the Court to try to resolve their dispute. [Dkt 84.] They were unable to do so. [*Id.*] The Court accordingly ordered Defendant to serve its responses to Plaintiffs' interrogatories by January 29, 2015 and authorized Plaintiffs to file a motion to compel if the responses were not served by that time. [Dkt. 84.]

Defendant met the January 29 deadline, [*see* Dkt. 85], but Plaintiffs considered Defendant's responses to be "evasive and incomplete." [Dkt. 86 ¶ 10.] Plaintiffs conferred with Defendant to try to resolve this issue, but the parties were unable to reach an agreement, and on February 10, 2015, Plaintiffs filed the currently pending Motion to Compel and for Sanctions. [Dkt. 86.] Plaintiffs ask the Court to 1) compel Defendant to respond to interrogatories two through twenty-five in Plaintiffs' First Set of Interrogatories; and 2) award Plaintiffs their attorney's fees and enter sanctions against Defendant for their alleged failure to comply with the Court's orders. [*Id.* at 4.] On March 12, 2015, the Court held a hearing to address Plaintiffs' motion.

## II.     Discussion

The Court first considers Plaintiffs' motion to compel and then considers Plaintiffs' request for attorney's fees and sanctions.

### A.  Motion to Compel

A party seeking discovery may move "may move for an order compelling an answer" to an interrogatory if the party to whom the interrogatory is directed "fails to answer[.]"  Fed. R. Civ. P. 37(a)(3)(B). For the purposes of such motions, an "evasive or incomplete" answer is treated as a failure to answer. Fed. R. Civ. P. 37(a)(4). Plaintiffs in this case contend that

Defendant's answers to interrogatories two through twenty-five were in fact "evasive or incomplete," such that the Court may appropriately order a more extensive response. [Dkt. 87 at 14-15.]

Plaintiffs' main argument is that Defendant's "purported responses were not its own." [*Id.* at 15.] Instead, Defendant responded to each interrogatory by stating "[a]ll information [American Water] has regarding the incident comes from [Indiana Water.] [Indiana Water] is a wholly-owned subsidiary corporation of [American Water.] [American Water] provides herewith the text of the answers to these identical interrogatories provided by [Indiana Water] on January 16, 2015, in *Gregory and Gina Deere v. Indiana American Water Company, Inc.*, Tippecanoe County Circuit Court, Cause No. 79C01-1408-CT-00020" (hereinafter the "Qualifying Paragraph"). [*See* Dkt. 87-3 (Def.'s Resps. to Pls.' Interrogs.).] Defendant then reproduced the response that its subsidiary, Indiana Water, had provided for each of Plaintiffs' interrogatories. [*See id.*]

Plaintiffs assert that these answers are insufficient because they "fail to indicate what information Defendant actually has itself." [Dkt. 87 at 15.] They may indicate what *Indiana Water* knew, and they may indicate that all of American Water's information did in fact *come* from Indiana Water, but Plaintiffs believe the answers do not unequivocally establish the knowledge that American Water had. [*See id.*] Plaintiffs therefore contend that the responses "unfairly inhibit Plaintiffs from establishing their case." [*Id.*] Whether this argument has any merit depends on the specific interrogatory at issue, and the Court will thus address Plaintiffs' contention when ruling on each interrogatory.

In addition to the Qualifying Paragraph, Defendant's answers to Plaintiffs' interrogatories included a "general objection" that the interrogatories were "improper given the pending motion

to dismiss." [Dkt. 87-3.] Defendant also objected "on grounds of lack of jurisdiction, improper venue and that it is not the proper party for Plaintiffs' claims." [*Id.*]

These objections are not appropriate. As an initial matter, such general objections are entitled to little if any weight. *See, e.g., Novelty, Inc. v. Mountain View Mktg., Inc.*, 265 F.R.D. 370, 375 (S.D. Ind. 2009) ("'[G]eneral objections' made without elaboration, whether placed in a separate section or repeated by rote in response to each requested category, are not 'objections' at all—and will not be considered."). In addition, Defendant's asserted bases for the objections are not proper reasons for refusing to answer discovery requests: the Court has already denied Defendant's motion to stay discovery pending resolution of its motion to dismiss, [*see* Dkt. 83], and any issues regarding jurisdiction, venue, or proper joinder of parties will be addressed when the Court rules on that motion—not when addressing Plaintiffs' discovery requests. Finally, Defendant acknowledged at the hearing that it had not withheld any information from its responses on the basis of its general objections. [Motion to Compel Hr'g, March 12, 2015 at 9:00.] It would therefore be meaningless to sustain these objections, and the Court accordingly **OVERRULES** Defendant's "general objection."

Finally, Defendant's responses to Plaintiffs' interrogatories incorporated numerous objections that Indiana Water had asserted in its response to Plaintiffs' interrogatories in Plaintiffs' state court case. [*See, e.g.*, Dkt. 87-3 at 5, 9, 14.] The party objecting to a discovery request bears the burden to show why a particular discovery request is improper. *Cunningham v. Smithkline Beecham*, 255 F.R.D. 474, 478 (N.D. Ind. 2009). Further, that party must show "with specificity" that the request is inappropriate. *Id.* "[G]eneral assertions" of hardship will not suffice, *Schaap v. Executive Indus., Inc.*, 130 F.R.D. 384, 387 (N.D. Ill. 1990), nor will "reflexive invocation" of the "often abused litany that the requested discovery is vague,

ambiguous, overly broad, unduly burdensome or [irrelevant.]" *Cunningham*, 255 F.R.D. at 478

(citation omitted). With these principles in mind, the Court will evaluate the propriety

Defendant's objections with respect to each specific interrogatory at issue.

### B. Plaintiffs' Specific Interrogatories

**Interrogatory Number Two** states:

> State the name, address, and telephone number of each individual: (a) who
> witnessed the INCIDENT[1] or the events occurring immediately before or after
> the INCIDENT; (b) who heard any statements made about the INCIDENT by any
> individual at the scene; and (c) who YOU OR ANYONE ACTING ON YOUR
> BEHALF claim has knowledge of the INCIDENT (except for expert witnesses
> covered by the Federal Rules of Civil Procedure).

[Dkt. 87-3 at 3.] Defendant answered with the Qualifying Paragraph and then reproduced

the response from Indiana Water: "Besides Gregory Deere, Defendant is not aware of any

witnesses to this incident." [*Id.*]

As described above, Plaintiffs assert that this response was evasive and

incomplete, but the Court does not agree. The interrogatory asks for facts known to

American Water or to anyone acting on behalf of American Water. By including the

Qualifying Paragraph, American Water indicated that "all" of its knowledge about the

incident came from Indiana Water, [*see id.*], and by incorporating the response from

Indiana Water, American Water relayed that knowledge. In doing so, American Water

provided a complete answer to the interrogatory. Plaintiffs may not be pleased with the

relatively brief response, but if "all" of American Water's information came from Indiana

Water, and if American Water already included the response from Indiana Water, then

---

[1] Plaintiffs defined the term "INCIDENT" as follows: "INCIDENT includes the circumstances and events
surrounding the alleged accident, injury, or other occurrence or breach of contract giving rise to this action or
proceeding." [Dkt. 87-2 at 2.] They also defined "YOU OR ANYONE ACTING ON YOUR BEHALF" as including
"you, your agents, your employees, your insurance companies, their agents, their employees, your attorneys, your
accountants, your investigators, and anyone else acting on your behalf." [*Id.*]

Defendant has no more information to provide. The Court therefore **DENIES** Plaintiffs' motion with respect to Interrogatory Number Two.

**Interrogatory Number Three** states:

> For each of your employees physically present at the time and place of the INCIDENT and those employees who were physically present on the day of the INCIDENT, please state: (a) his or her name, address and telephone number; (b) job title as of date of INCIDENT; (c) whether she or he was on duty at the time of the INCIDENT; and (d) the job or function she or he was performing at the time of the INCIDENT.

[Dkt. 87-3 at 4.] Defendant answered with the Qualifying Paragraph and Indiana Water's response: "There were no employees of [Indiana Water] present at the time this incident occurred. After the incident occurred, employees, Roy Staley and Shannon Gaylord reported to the location." [*Id.* at 4-5.]

This response is insufficient. Plaintiffs' interrogatory is directed at *American Water* and asks whether *American Water* had any employees present at the scene of the incident. It is thus non-responsive for Defendant to indicate that *Indiana Water* had employees who reported to the location. Defendant's answer may well be that it had no employees at the scene of the alleged incident, but if that is the case, Defendant must say so. The Court accordingly **GRANTS** Plaintiffs' motion to compel with respect to this interrogatory. Defendant shall provide a complete and unequivocal response within fourteen (14) days of the date of this order.

**Interrogatory Number Four** states:

> Have YOU OR ANYONE ACTING ON YOUR BEHALF interviewed any individual concerning the INCIDENT? If so, for each individual state: (a) the name, address, and telephone number of the individual interviewed; (b) the date of the interview; and (c) the name, address, and telephone number of the PERSON who conducted the interview.

[Dkt. 87-3 at 5.] Defendant responded with the Qualifying Paragraph and then provided Indiana Water's response. [*Id.* at 5-6.] That response, in turn, objected to the interrogatory on the

grounds that it called for information protected by the insurer-insured privilege and the attorney-client privilege. [*Id.* at 6 (citing *Richey v. Chappell*, 594 N.E.2d 443, 446 (Ind. 1992)).] It then stated that two Indiana Water employees had briefly spoken with Gregory Deere. [*Id.*]

As with Defendant's answer to Interrogatory Number Three, the answer to this interrogatory is non-responsive: Plaintiffs asked if *American Water* had interviewed anyone; the response that two employees of *Indiana Water* had spoken with Gregory Deere thus does not answer the question asked. Further, Defendant's objections are baseless: the attorney-client privilege and the insurer-insured privilege protect the substance of communications, not the sort of factual details requested in the interrogatory. *See, e.g.*, *Kodish v. Oakbrook Terrace Fire Prot. Dist.*, 235 F.R.D. 447, 453 (N.D. Ill. 2006) ("Communications from an attorney to a client are privileged if the statements reveal, directly or indirectly, the substance of a confidential communication by the client."); *Richey*, 594 N.E.2d at 446 (emphasis added) ("[P]rivilege attaches to an insured's *statement* given to the insurer for possible use by the insured's attorney."). The Court accordingly **OVERRULES** Defendant's objections and orders Defendant to provide a complete and unequivocal response to Plaintiffs' Interrogatory Number Four within fourteen (14) days of the date of this order.

**Interrogatory Number Five** states:

> Have YOU OR ANYONE ACTING ON YOUR BEHALF obtained a written or recorded statement from any individual concerning the INCIDENT? If so, for each statement state: (a) the name, address, and telephone number of the individual from whom the statement was obtained; (b) the name, address, and telephone number of the individual who obtained the statement; (c) the date the statement was obtained; and (d) the name, address, and telephone number of each PERSON who has the original statement or a copy.

[Dkt. 87-3 at 6.] Defendant responded with the Qualifying Paragraph and the same objections it asserted in response to Interrogatory Number Four. [*Id.* at 7.] For the same reasons as described

above, the Court **OVERRULES** these objections. Defendant then included Indiana Water's response to this question, but, again, this response is not sufficient. American Water must state whether *it* has obtained a written or recorded statement and cannot simply rely on whether Indiana Water has obtained such a statement. The Court thus **GRANTS** Plaintiffs' motion with respect to this interrogatory and orders Defendant to provide a complete and unequivocal response within fourteen (14) days of the date of this order.

**Interrogatory Number Six** states:

> Do YOU OR ANYONE ACTING ON YOUR BEHALF know of any photographs, films, or videotapes depicting any place, object, or individual concerning the INCIDENT or Plaintiff GREGORY DEERE's injuries? If so, state: (a) the number of photographs or feet of film or videotape; (b) the places, objects, or persons photographed, filmed, or videotaped; (c) the date the photographs, films, or videotapes were taken; (d) the name, address, and telephone number of the individual taking the photographs, films, or videotapes; and (e) the name, address, and telephone number of each PERSON who has the original or a copy.

[Dkt. 87-3 at 7-8.] Defendant responded with the Qualifying Paragraph and then reproduced Indiana Water's response from the state court case. [*Id.*]

As with Interrogatory Number Two, Defendant's response in this instance is sufficient. The integratory asks whether Defendant has certain knowledge. By stating that "all" of Defendant's knowledge comes from Indiana Water and by providing Indiana Water's response, Defendant has divulged all responsive knowledge it has with regard to this interrogatory. As a result, Defendant has no more information to provide, and the Court **DENIES** Plaintiffs' motion to compel an additional response to this interrogatory.

**Interrogatory Number Seven** states:

> Do YOU OR ANYONE ACTING ON YOUR BEHALF know of any diagram, reproduction, or model of any place or thing (except for items developed by expert witnesses covered by the Federal Rules of Civil Procedure) concerning the INCIDENT? If so, for each item state: (a) the type (i.e., diagram, reproduction, or

model); (b) the subject matter; and (c) the name, address, and telephone number
of each PERSON who has it.

[Dkt. 87-3 at 9.] Defendant again responded with the Qualifying Paragraph and Indiana Water's

response, and again, this response is sufficient. Plaintiffs asked for Defendant's knowledge, and

Defendant divulged that knowledge. No further response is necessary, and Plaintiffs' motion

with respect to Interrogatory Number Seven is **DENIED**.

**Interrogatory Number Eight** states:

Was a report made by any PERSON concerning the INCIDENT? If so state: (a)
the name, title, identification number, and employer of the PERSON who made
the report; (b) the date and type of report made; and (c) the name, address, and
telephone number of the PERSON for whom the report was made.

[Dkt. 87-3 at 10.] Defendant responded with the Qualifying Paragraph and then gave Indiana

Water's response. [*Id.* at 10-11.] That response, in turn, objected on the basis of attorney-client

and work-product privilege. [*Id.* at 10.]

At the hearing, Defendant stated that no information had been withheld on the basis of

the objections, [Hr'g at 9:27], and the Court will thus show those objections as withdrawn. In

addition, Defendant acknowledged that Indiana Water's response incorrectly named the

employer of the person identified in the response. [Hr'g at 9:28.] Defendant agreed to correct the

response, and the Court thus orders Defendant to do so within fourteen (14) days of the date of

this order. Finally, the Court **DENIES** Plaintiffs' motion to the extent that it seeks to compel any

additional response to this interrogatory. As with Interrogatories Two, Six, and Seven,

Interrogatory Number Eight asks only for Defendant's knowledge, and Defendant's current

response is sufficient.

**Interrogatory Number Nine** states:

Have YOU OR ANYONE ACTING ON YOUR BEHALF inspected the scene of
the INCIDENT? If so, for each inspection state: (a) the name, address, and

telephone number of the individual making the inspection; and (b) the date of the inspection.

[Dkt. 87-3 at 11.] Defendant relied on Indiana Water's answer from the state court case,

[Dkt. 87-3 at 11-12], but this is not appropriate: The interrogatory asks whether *American Water* has inspected the scene of the incident, and Defendant therefore cannot simply state that *Indiana Water* has done so. The Court thus **GRANTS** Plaintiffs' motion to compel with respect to this interrogatory and orders Defendant to provide a complete and unequivocal response within fourteen (14) days of the date of this order.

**Interrogatory Number Ten** states:

Did YOU OR ANYONE ACTING ON YOUR BEHALF cause an investigation to be conducted at any time in connection with the subject matter of this action? If so, please state for each such investigation: (a) the date of each investigation; (b) where the investigation was made; (c) the names of the PERSONS conducting each such investigation; (d) the names and capacities of all PERSONS present or contacted at any time during the investigation; (e) whether any written notes or memoranda of any kind were made in connection with the investigation; (f) whether a report of the investigation was made; (g) the date of each such report; (h) the name of the PERSON making each such report; (i) whether each such report was oral or in writing; (j) the present location of each such written report; and (k) the name and address of the PERSON having custody of each written report.

[Dkt. 87-3 at 12.] Defendant relied on Indiana Water's previous answer, [Dkt. 87-3 at 12-13], but this is not sufficient. As with the previous interrogatory, this interrogatory asks whether *American Water* has taken a certain action, and Defendant cannot simply state that *Indiana Water* has taken that action.

In addition, Defendant objected that a portion of the requested information was protected by the insurer-insured or attorney-client privilege. [Dkt. 87-3 at 13.] Defendant, however, did not explain this objection and did not provide any basis for it. [*See id.*] Defendant thus failed to satisfy its burden to demonstrate "with specificity" that

Plaintiffs' request was improper. *See Cunningham*, 255 F.R.D. at 478; *see also Acosta v. Target Corp.*, 281 F.R.D. 314, 321 (N.D. Ill. 2012) ("Properly claiming privilege is just the first step. A party asserting attorney-client privilege has the burden of establishing all of its essential elements[.]"). The Court thus **OVERRULES** these objections and **GRANTS** Plaintiffs' motion to compel with respect to this interrogatory. Defendant is ordered to provide a complete and unequivocal response within fourteen (14) days of the date of this order.

> **Interrogatory Number Eleven** states:
>
> Please state whether YOU OR ANYONE ACTING ON YOUR BEHALF has reviewed or read any memoranda concerning any investigation of Plaintiff GREGORY DEERE's injury, which was written or compiled by someone not then acting on your behalf. If so, for each such memorandum please state: (a) the name, address, capacity, and employer of each PERSON who furnished you with a copy thereof; (b) the name, address, capacity, and employer of each PERSON who wrote or compiled it; (c) the date or dates upon which it was written or compiled; (d) the name and address of each PERSON for whose benefit it was originally written or compiled; and (e) whether a copy thereof now rests in your custody and control, or in the custody or control of ANYONE ACTING ON YOUR BEHALF

[Dkt. 87-3 at 13-14.] Defendant relied on Indiana Water's answer from the state court case, [*id.* at 14-15], but this is insufficient. The interrogatory asks whether *American Water* has read any memoranda, and Defendant thus cannot rely on what a *different* party may have read.

In addition, Defendant incorporated Indiana Water's objections to this interrogatory. [*Id.* at 15.] These objections asserted that the requested information was protected by the attorney-client or work-product privilege, [*id.*], but these objections are not sound: the interrogatory seeks only factual information, not the sort of legal advice or mental impressions that would fall within either privilege. *See, e.g.*, *E.E.O.C. v. Jewel Food Stores, Inc.*, 231 F.R.D. 343, 346 (N.D. Ill. 2005) ("[T]he work product doctrine . . . does not protect factual information that a lawyer

obtains when investigating a case."); *Pippenger v. Gruppe*, 883 F. Supp. 1201, 1208 (S.D. Ind.

1994) ("It is beyond question that the attorney-client privilege does not preclude the discovery of

factual information."). The objections are therefore **OVERRULED**, and the Court **GRANTS**

Plaintiffs' motion to compel with respect to this interrogatory. Defendant shall provide a

complete and unequivocal response within fourteen (14) days of the date of this order.

> **Interrogatory Number Twelve** states:
>
> Please state whether YOU OR ANYONE ACTING ON YOUR BEHALF has
> consulted any experts concerning the facts of this case. If so, for each expert
> please state: (a) name, address, occupation and capacity; (b) whether the expert
> furnished an oral or written report of findings or opinions concerning the matters
> for which the consultation was obtained; (c) whether you intend to call the expert
> as an expert witness at trial; (d) the substance of the findings or opinions
> respecting this action; and (e) the name, date, publisher, and author of any
> scientific technical, or professional text, treatise, journal, or similar publication
> upon which such expert relied to form the findings or opinions.

[Dkt. 87-3 at 15-16.] Defendant relied on Indiana Water's answer from the state court case, but

for the reasons described above, this is improper: the question asks whether American Water has

consulted any experts, and so American Water must answer on its own behalf. In addition, the

answer from Indiana Water included an objection on the grounds that disclosure was precluded

by Indiana Trial Rule 26. [*Id.* at 16.] Reliance on state trial rules is improper in answering

interrogatories served in Plaintiffs' federal case, *see, e.g.*, *Brauer v. Stryker Corp.*, No. 2:13-CV-

442-JMS-WGH, 2014 WL 29069, at *3 (S.D. Ind. Jan. 3, 2014) (quoting *Gasperini v. Ctr. for

Humanities, Inc.*, 518 U.S. 415, 427 (1996)) ("[F]ederal courts sitting in diversity apply state

substantive law and federal procedural law."), and to the extent that Defendant intends to

continue asserting such an objection, it must refer to the Federal Rules of Civil Procedure. The

Court thus **OVERRULES** the current objection; **GRANTS** Plaintiffs' motion with respect to

this interrogatory; and orders Defendant to completely and unequivocally respond to this

interrogatory, to include the assertion of any appropriate objections, within fourteen (14) days of the date of this order.

**Interrogatory Number Thirteen** states:

> Do YOU OR ANYONE ACTING ON YOUR BEHALF have any information that Plaintiffs made any admission or declaration against interest that in any way would tend to support your version of this case? If so, state: (a) the time and place when such admission or declaration was made; (b) the substance of the admission or declaration; and (c) the names and addresses of all PERSONS in whose presence such admission or declaration was made.

[Dkt. 87-3 at 17.] Defendant responded with the Qualifying Paragraph and then included a response from Indiana Water that objected on the grounds that the interrogatory was a "contention request." [*See id.* at 17-18.] At the hearing, Defendant withdrew this objection and stated that, regardless of the objection, the response from Indiana Water was already a complete and unequivocal response. [Hr'g at 9:37.] Plaintiffs then argued that the response was nonetheless evasive, but this argument is baseless: Plaintiffs asked what information American Water had, and American Water 1) stated that all its information came from Indiana Water and 2) provided the information that Indiana Water had. Defendant therefore cannot provide any additional information, and the Court **DENIES** Plaintiffs' motion to compel any further response to this interrogatory.

**Interrogatory Number Fourteen** states:

> If you contend that any other person, business entity, or government entity is or may be responsible in any way for Plaintiff GREGORY DEERE's injuries, please state all facts on which you rely in making this contention, as well as: (a) the names, addresses, and telephone numbers of all persons who have knowledge of the facts; and (b) identify all writings and other tangible things that support your contention and state the name, address, and telephone number of the person who has each writing or thing.

[Dkt. 87-3 at 18.] Defendant relied on Indiana Water's answer, but this is not an appropriate response to this interrogatory. Plaintiffs have asked whether *American Water* contends that

anyone else is responsible for Plaintiffs' injuries, and it thus does not suffice to explain whom *Indiana Water* may try to hold responsible. American Water may very well assert that an entity other than itself is responsible for Plaintiffs' injuries, such that American Water must provide an additional response to this interrogatory.

Defendant also incorporated Indiana Water's objection that the interrogatory is a "contention request." [Dkt. 87-3 at 19.] The Court **OVERRULES** this objection. The Federal Rules expressly state that an interrogatory is not objectionable "merely because it asks for an opinion or contention that relates to fact or the application of law to fact." Fed. R. Civ. P. 33(a)(2). Moreover, the interrogatory at issue will help narrow the issues in this litigation by establishing which of many potential theories Defendant may assert to try to avoid liability. The interrogatory is thus appropriate, *see, e.g.*, *Commerce Bank, N.A. v. Widger*, No. 06-CV-1103, 2008 WL 630611, at *1 (C.D. Ill. Mar. 5, 2008) (noting that contention interrogatories "serve a proper purpose of narrowing the issues for litigation"), and the objection is **OVERRULED**. The Court **GRANTS** Plaintiffs' motion with respect to this interrogatory and orders Defendant to provide a complete and unequivocal response within fourteen (14) days of the date of this order.

**Interrogatory Number Fifteen** states:

> With regard to any complaint(s) against the Defendants [sic] within the past five years regarding water meters allegedly causing damages in Tippecanoe County of Indiana, please state: (a) the date of the complaint; (b) the nature of the situation complained of; and (c) the name and address of the person so complaining.

[Dkt. 87-3 at 19.] Defendant relied on the Qualifying Paragraph and Indiana Water's response, but this was not proper. The interrogatory specifically asks for complaints against the defendant in this case, and American Water must thus answer with respect to any complaints against *it*.

Defendant also incorporated Indiana Water's objection that the interrogatory did not seek relevant information. [Dkt. 87-3 at 20.] This objection, however, was vague and unsupported,

[*see id.*], and Defendant therefore did not satisfy its burden to show "with specificity" why Plaintiffs' request was improper. *See Cunningham*, 255 F.R.D. at 478. The Court thus **OVERRULES** this objection; **GRANTS** Plaintiffs' motion with respect to this interrogatory; and orders Defendant to completely and unequivocally respond to this interrogatory within fourteen (14) days of the date of this order.

> **Interrogatory Number Sixteen** states:
>
> If you were aware, before the filing of the complaint in this action, that Plaintiff GREGORY DEERE alleged he fell and was injured at the location alleged in the complaint on August 6, 2012, on or around 1:00 PM EST, state: (a) the name, address and telephone number of the person from whom you received notice; (b) date, time, and place you received notice; and (c) whether the notice was written or oral, and, if written, the name and address of the person who now has custody of it.

[Dkt. 87-3 at 20.] Defendant responded with the Qualifying Paragraph and then reproduced Indiana Water's response. [*Id.* at 20-21.] This was an appropriate answer: Plaintiffs asked for knowledge, and Defendant 1) responded that all its knowledge came from Indiana Water and 2) produced the information that Indiana Water had. No further information remains to be produced, and the Court thus **DENIES** Plaintiffs' motion with respect to this interrogatory.

> **Interrogatory Number Seventeen** states:
>
> If you contend that any person or entity other than you owned and/or controlled the premises on which Plaintiff GREGORY DEERE alleges he was injured at the time of his injury, state each and every fact on which you base the contention and identify each and every writing that supports the contention.

[Dkt. 87-3 at 21.] Defendant relied on Indiana Water's response, [*id.* at 21-22], but this was improper. The interrogatory asks for *American Water's* contention, such that Defendant cannot state only what its subsidiary contends. The Court therefore **GRANTS** Plaintiffs' motion with respect to this interrogatory and orders Defendant to provide a complete and unequivocal response within fourteen (14) days of the date of this order.

**Interrogatory Number Eighteen** states:

> If you contend that any person or entity other than you and your employees and agents was responsible for the cleaning and maintenance of the premises on which Plaintiff GREGORY DEERE alleges he was injured at the time of his injury, state each and every fact on which you base your contention and identify each and every writing that supports the contention.

[Dkt. 87-3 at 22.] Defendant relied on Indiana Water's response, [*id.* at 22-23], but for the same reasons as described in regard to Interrogatory Number Seventeen, this was inappropriate. Defendant also incorporated Indiana Water's objection that this was a "contention request," [*id.* at 24], but for the same reasons as described in regard to the objection to Interrogatory Number Fourteen, this objection is **OVERRULED**. The Court therefore **GRANTS** Plaintiffs' motion with respect to this interrogatory and orders Defendant to provide a complete and unequivocal response within fourteen (14) days of the date of this order.

**Interrogatory Number Nineteen** states:

> Identify, with sufficient particularity to allow Plaintiffs to frame a notice to produce, all procedure manuals, letters, memos, instruction manuals and other writings that pertain to or concern in any way the servicing and maintenance of the premises where Plaintiff GREGORY DEERE alleges he was injured.

[Dkt. 87-3 at 23.] Defendant responded with the Qualifying Paragraph and Indiana Water's response from the state court case, but this was not proper. The Qualifying Paragraph states that all information American Water has "regarding the incident" comes from Indiana Water, but this interrogatory asks for information about the existence of documents in the possession of American Water relating to service and maintenance of the water meter. Defendant must therefore answer the question itself, rather than relying on Indiana Water's response, and the Court accordingly **GRANTS** Plaintiffs' motion

with respect to this interrogatory. Defendant shall provide a complete and unequivocal response within fourteen (14) days of the date of this order.

**Interrogatory Number Twenty** states:

> Of what type of material was the water meter and water meter cover made at the spot Plaintiff GREGORY DEERE alleges he was injured?

[Dkt. 87-3 at 24.] Defendant relied on Indiana Water's response, which stated "[t]he cover was cast iron and the meter was made of brass and plastic." [*Id.* at 25.] This is a complete response to the question asked, and the Court thus **DENIES** Plaintiffs' motion with respect to this interrogatory.

**Interrogatory Number Twenty-One** states:

> When is the last time the area, water meter, and water meter cover were maintained/serviced?

[Dkt. 87-3 at 25.] Defendant relied on Indiana Water's response, which included an objection that the interrogatory was "vague and not limited in time." [*Id.*] The answer then stated: "Subject to and without waiving said objections the meter is read monthly. Defendant states the area was serviced on August 9, 2012." [*Id.* at 25-26.]

At the hearing, Defendant explained that its objection was based on uncertainty about whether Plaintiff was seeking the last time the water meter was maintained or serviced as of the date the interrogatories were served or the last time the water meter was maintained or serviced prior to the incident. [Hr'g at 9:49.] Plaintiffs clarified that they sought the latter information, [Hr'g at 9:50], and Plaintiffs later explained that the "area" in the interrogatory referred to the ground immediately surrounding the water meter. [Hr'g at 9:57.] The Court will thus modify this interrogatory to read:

When was the last time prior to the Incident that 1) the water meter; 2) the water meter cover; and 3) the area within a 20-foot radius of the water meter were maintained/serviced?

Defendant shall provide a complete and unequivocal response to the interrogatory as modified above within fourteen (14) days of the date of this order.

**Interrogatory Twenty-Two** states:

With what equipment was the area, water meter, and water meter cover maintained/serviced where the incident[2] allegedly occurred?

[Dkt. 87-3 at 26.] Defendant incorporated Indiana Water's answer, which stated "Defendant does not understand this question as written." [*Id.*] At the hearing, Plaintiffs explained that it was their understanding that the water meter at issue was read electronically and that the water meter may have been serviced or maintained either remotely (through electronic means) or manually (by a person physically interacting with the water meter). [Hr'g at 9:56.] The Court will thus modify this interrogatory as follows:

With what equipment were 1) the water meter; 2) the water meter cover; and 3) the area within a 20-foot radius of the water meter where the Incident allegedly occurred maintained/serviced, by a human being or otherwise, on the date of the last maintenance/service prior to the Incident?

Defendant shall provide a complete and unequivocal response to the interrogatory as modified above within fourteen (14) days of the date of this order.

**Interrogatory Twenty-Three** states:

How frequently was the area, water meter, and water meter cover maintained/serviced where the incident allegedly occurred?

[Dkt. 87-3 at 26.] Defendant incorporated Indiana Water's answer, which stated "Defendant objects to this Interrogatory to the extent it is vague and not limited in time. Subject to and

---

[2] Plaintiffs' later interrogatories abandoned the earlier practice of capitalizing defined terms such as "incident." [*See* Dkt. 87-3 at 26.]

without waiving said objections, the meter is read monthly." [*Id.* at 27.] The Court agrees with Defendant's assessment and will modify the interrogatory to more clearly define its geographic and temporal scope. This interrogatory will thus read:

> How frequently were 1) the water meter; 2) the water meter cover; and 3) the area within a 20-foot radius of the water meter where the Incident allegedly occurred maintained and/or serviced during the five-year period preceding the Incident?

The Court orders Defendant to provide a complete and unequivocal response to this interrogatory as modified within fourteen (14) days of the date of this order.

**Interrogatory Twenty-Four** states:

> If the area, water meter, and water meter cover where the alleged incident occurred had been cleaned in the year before the incident, state: (a) the date(s) and time(s) it was serviced/maintained; (b) the name, address, and telephone number of each person who performed the service/maintenance; (c) the type of service/maintenance equipment used; (d) the name of each service/maintenance equipment used; and (e) the reason it was maintained/serviced.

[Dkt. 87-3 at 27-28.] Defendant answered by incorporating Indiana Water's response, which stated: "On a monthly basis, this meter is read electronically. When necessary, leaves and debris are wiped away to make sure a proper read takes place from the touchpad." [*Id.* at 28.] This answer is not responsive to the question asked. The interrogatory asks *when* the water meter *was* cleaned and requests specific dates of such cleanings. Responding generally that some cleanings may occur under certain circumstances does not answer this question. At the same time, however, the interrogatory as currently written is somewhat unclear regarding the "area" within the scope of the interrogatory. The Court will thus rewrite the interrogatory as follows:

> If 1) the water meter; 2) the water meter cover; and/or 3) the area within a 20-foot radius of the water meter where the Incident allegedly occurred had been cleaned in the year before the Incident, state: (a) the date(s) and time(s) it was serviced and/or maintained; (b) the name, address, and telephone number of each person who performed the service and/or maintenance; (c) the type of service and/or maintenance equipment used; (d) the name of each service and/or maintenance equipment used; and (e) the reason it was maintained and/or serviced.

Defendant shall provide a complete and unequivocal response to this interrogatory as modified within fourteen (14) days of the date of this order.

> **Interrogatory Twenty-Five** states:
>
> Identify, with sufficient particularity to allow Plaintiffs to frame a notice to produce, any writing, including sweep sheets and maintenance logs, that support your answer to Interrogatory No. 21 through Interrogatory No. 24. If said writings contain abbreviations or initials, define the abbreviations and state the full name, address and telephone number of the person whose name is signified by the initials.

[Dkt. 87-3 at 28.] Defendant incorporated Indiana Water's response, which stated: "There are no maintenance logs. Meter reading logs are created to show dates a meter [is] read." [*Id.* at 29.] At the hearing, Plaintiffs explained that they were dissatisfied with this response because it came from Indiana Water rather than American Water, [Hr'g at 10:11], but added that as long as there were in fact no maintenance logs or sweep sheets, then they were content with the answer. [Hr'g at 10:11.] Plaintiffs have not provided any evidence that Defendant's assertion about the absence of such logs is erroneous, and the Court accordingly **DENIES** Plaintiffs' motion to compel with respect to this interrogatory.

## C. Fees and Sanctions

The Federal Rules allow for an award of fees and expenses when a court rules on a motion to compel. Fed. R. Civ. P. 37(a)(5). Plaintiffs in this case thus ask the Court to issue an order "requiring Defendant to pay reasonable expenses to Plaintiffs incurred by Plaintiffs in making this motion, including attorney's fees." [Dkt. 77 at 13.] The Court, however, has granted Plaintiffs' motion in part and denied Plaintiffs' motion in part, and the Court in such circumstances has significant discretion with regard to the award of any fees. *See* Fed. R. Civ. P. 37(a)(5)(C) ("If the motion is granted in part and denied in part, the court . . . may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion."). Additionally,

the Court in this case has accepted and rejected portions of both parties' arguments. Contrary to Plaintiffs' assertions, the Court does not find Defendant's responses to be evasive. American Water has consistently asserted that the water meter at issue is owned and maintained by its wholly-owned subsidiary Indiana Water, and that American Water has no information with regard thereto. Based upon the representations of Defendant's counsel, the Court expects that Defendant's revised responses provided pursuant to this order will, in fact, demonstrate that American Water possesses no relevant and responsive information. In light of that, any victory achieved by Plaintiffs with respect to the instant motion will be pyrrhic at best, and it would be ludicrous to penalize Defendant's effort to be over-inclusive and more forthcoming than required in its responses. However, it would likewise be improper to penalize Plaintiffs for seeking a precise answer to their interrogatories from the particular defendant in this case, even if that response ultimately provides no useful information. The Court thus sees no basis for ordering either party to pay the other's costs and fees, and each party shall therefore pay its own expenses related to the instant motion.

In addition to the fees and expenses authorized under Rule 37(a)(5), Plaintiffs seek imposition of sanctions pursuant to Rule 37(b)(2) and Rule 37(d). [*See* Dkt. 87 at 7-8.] The first subsection, Rule 37(b)(2), authorizes the Court to enter sanctions against a party who "fails to obey an order to provide or permit discovery." Fed. R. Civ. P. 37(b)(2)(A). The second subsection, Rule 37(d), authorizes the Court to enter sanctions against a party who "fails to serve its answers, objections, or written response" to interrogatories. Fed. R. Civ. P. 37(d)(1)(A)(ii). Regardless of the subsection at issue, the Court has "broad discretion" in deciding whether to impose discovery sanctions. *Park v. City of Chicago*, 297 F.3d 606, 614 (7th Cir. 2002). The Court need not select the "least drastic" or "most reasonable" sanction, but any sanction imposed

must be "proportionate to the circumstances surrounding a party's failure to comply with discovery rules." *Melendez v. Illinois Bell Tel. Co.*, 79 F.3d 661, 672 (7th Cir. 1996).

Plaintiffs contend that Rule 37(b)(2) is applicable in this case because Defendant did not comply with the Court's order requiring Defendant to serve its answers to Plaintiffs' interrogatories by January 20, 2015. [*See* Dkt. 87 at 16-17.] On that date, however, Defendant filed a motion to stay discovery or, in the alternative, to be granted an extension of ten days to serve its responses. [Dkt. 82 at 3.] Although the Court denied the motion to stay discovery, [Dkt. 83], the Court did grant Defendant an extension of time to serve its responses. [Dkt. 84.] Defendant then complied with the extended deadline. [*See* Dkt. 85.] The Court acknowledges that Defendant could have exhibited more alacrity in responding to Plaintiffs' interrogatories, but the fact remains that Defendant received additional time to respond and then did respond within that allotted time. The Court will thus not impose sanctions pursuant to Rule 37(b)(2).

Plaintiffs then contend that Rule 37(d)(1)(A)(ii) is applicable in this case because Defendants failed to respond to Plaintiffs' interrogatory by serving "evasive or incomplete" answers.[3] [Dkt. 87 at 18.] As explained above, the Court does not agree. Although the Court has ordered Defendant to respond more fully to certain of Plaintiffs' interrogatories, many of the deficiencies in Defendant's initial responses were the result of legitimate confusion. [*See, e.g.*, Hr'g at 9:49 (acknowledging that Interrogatory Number Twenty-One is unclear); Hr'g at 9:56-58 (modifying Interrogatory Number Twenty-Three to address lack of clarity).] In addition, the Court finds no culpable behavior in Defendant's decision to incorporate many of the responses

---

[3] Plaintiffs also suggest that Defendant failed to respond because Defendant did not answer Plaintiffs' interrogatories before the initial December 22, 2014 deadline to do so. [Dkt. 87-3 at 16.] The Court, however, granted Defendant's motion for an extension of time to answer. [*See* Dkt. 79.] If Plaintiffs objected to that decision, they could have timely raised the issue with the district judge. *See* Fed. R. Civ. P. 72(a). Plaintiffs chose not to, and the Court at this time will not revisit its decision to grant the extension.

from Indiana Water: Plaintiffs asked for information in the possession of Defendant or anyone acting on Defendant's behalf, [*see, e.g.*, Dkt. 87-3 at 3, 7-8, 17], and it was therefore reasonable for Defendant to respond with the information in the possession of its wholly owned subsidiary. Defendant thus had legitimate reasons for responding to Plaintiffs' interrogatories in the way it did, such that imposing sanctions would be disproportionate to Defendants' alleged misconduct. The Court therefore **DENIES** Plaintiffs' motion for sanctions.

### III.     Conclusion

For the reasons set forth above, the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiffs' Motion to Compel and for Sanctions. [Dkt. 86.] Defendant is ordered to respond to Plaintiffs' First Set of Interrogatories as set out above within fourteen (14) days of the date of this order.

Dated:  03/16/2015

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Brian Lamar Ponder
brian@brianponder.com

Duran  Keller
KELLER LAW LLP
duran@kellerlawllp.com

Daniel Mark Witte
TRAVELERS STAFF COUNSEL OFFICE
dwitte@travelers.com

Frederick A. Roetter
TRAVELERS STAFF COUNSEL OFFICE
froetter@travelers.com