## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| **GREGORY J. DEERE,** | ) | |
| **GINA R. DEERE,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **vs.** | ) | **Cause No. 1:14-cv-1077-WTL-MJD** |
| | ) | |
| **AMERICAN WATER WORKS** | ) | |
| **COMPANY, INC. d/b/a INDIANA** | ) | |
| **AMERICAN WATER CO., INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## ENTRY ON DEFENDANT'S SECOND AMENDED MOTION TO DISMISS

This cause is before the Court on the Defendant's second amended motion to dismiss for lack of jurisdiction (Dkt. No. 45). The motion is now ripe for ruling, and the Court, being duly advised, **GRANTS** the motion for the reasons and to the extent set forth below. The Court also **DENIES** the Plaintiffs' motion to limit the Defendant's motion pursuant to Federal Rules of Civil Procedure 12(g)(2) and 12(h)(2) (Dkt. No. 47).

### I.    PLAINTIFFS' ALLEGATIONS AND PROCEDURAL BACKGROUND

On August 6, 2012, while the Plaintiff, Gregory J. Deere, was mowing his lawn, the water meter cover on his property caved in and one of Gregory's legs fell approximately three feet into the open pit. He suffered injuries as a result of the fall. Thereafter, on June 26, 2014, Gregory and his wife, Gina R. Deere, filed the instant lawsuit identifying the Defendant as "American Water Works Company, Inc. d/b/a Indiana American Water Co., Inc." ("American Water"), alleging claims of negligence and loss of consortium. (Gregory and Gina are hereafter referred to collectively as the "Plaintiffs.") According to the Plaintiffs, American Water is a citizen of New Jersey and Delaware.

Days later, on August 5, 2014, the Plaintiffs filed virtually the same suit in Tippecanoe County Circuit Court identifying the defendant as "Indiana-American Water Company, Inc." ("Indiana American"), an Indiana corporation.

On August 25, 2014, American Water filed its first motion to dismiss for lack of jurisdiction pursuant to Rules 8(b) and 12(b) with this Court. It argued, among other things, that the same matter was also pending in state court. The Plaintiffs did not specifically respond to the motion, but they did file a motion to strike the motion to dismiss. Thereafter, on September 4, 2014, American Water filed an amended motion to dismiss for lack of jurisdiction based, for the most part, on the same legal grounds. The Plaintiffs filed another motion to strike the amended motion to dismiss. Later that month, on September 29, 2014, American Water filed its second amended motion to dismiss for lack of jurisdiction. This time, American Water argued that dismissal was proper pursuant to Rules 12(b)(7) and 19 (and not Rules 8(b) and 12(b)), because the Plaintiffs failed to join Indiana American as a defendant in the federal action and adding Indiana American would destroy diversity jurisdiction.

The Plaintiffs filed a motion to limit American Water's motion to dismiss pursuant to Rules 12(g)(2) and 12(h)(2), as well as a response in opposition. The Plaintiff's motion to limit, however, is essentially another response in opposition. The Court will address the parties' arguments below.

## II.      STANDARD

According to Rule 19(a)(1),

A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:

(A)      in that person's absence, the court cannot accord complete relief among existing parties; or

(B)     that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:

    (i)     as a practical matter impair or impede the person's ability to protect the interest; or

    (ii)     leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Rule 19(b) further provides that

If a person who is required to be joined if feasible cannot be joined, the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed. The factors for the court to consider include:

(1)     the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;

(2)     the extent to which any prejudice could be lessened or avoided by:

    (A)     protective provisions in the judgment;
    (B)     shaping the relief; or
    (C)     other measures;

(3)     whether a judgment rendered in the person's absence would be adequate; and

(4)     whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

In other words,

Rule 19(a) requires joinder when the presence of the party to be joined is essential to the litigants' complete relief, or when the party to be joined must be present to protect its own or another party's interests. . . . If the court finds that the requirements of Rule 19(a) are satisfied, it may dismiss the action if, in weighing [the] four additional factors specified in Rule 19(b), those factors so indicate.

*Boulevard Bank Nat. Ass'n v. Philips Med. Sys. Int'l B.V.*, 15 F.3d 1419, 1422-23 (7th Cir. 1994). Rule 12(b)(7) allows a party to assert such a defense in a motion to dismiss shortly after the complaint is filed.

### III.   DISCUSSION

The Court must first determine whether Indiana American is a necessary party under Rule 19(a). American Water argues that the joinder of Indiana American is necessary because "Plaintiffs have asked two different courts to enter judgment in their favor for the same alleged injuries and damages against two different defendants," and the "[f]ailure to have both American Water . . . and Indiana American . . . as defendants . . . would result in 'a substantial risk of incurring double, multiple or otherwise inconsistent obligations.'" American Water's Br. at ¶¶ 2, 5. The Court agrees.

The Plaintiffs allege in their complaint the following:

21.   Defendant does business as INDIANA AMERICAN WATER CO., INC. in Indiana.

22.   INDIANA AMERICAN WATER CO., INC. is Defendant's subsidiary and/or agent, employee, or representative.

. . .

24.   At all times mentioned in this Complaint, Defendant controlled, leased, owned, maintained, managed, and/or operated a subsidiary water and wastewater utility company known as Indiana-American Water Company, Inc. ("Water Company").

. . .

30.   At all pertinent times alleged in this Complaint, Defendant, through Water Company, and/or its agents, employees, and/or representatives, was responsible for the water services for the real property owned by Plaintiff GREGORY J. DEERE and Plaintiff GINA R. DEERE . . .

Compl. at ¶¶ 21-22, 24, 30 (emphasis added). Thus, according to the Plaintiffs, American Water is responsible for their injuries and damages *through* Indiana American. Based on the foregoing, it is virtually impossible for this Court to resolve this matter without having Indiana American present to account for its actions and obligations. Simply put, Indiana American is vital to this lawsuit.

In light of this finding, and because the joinder of Indiana American to this action would destroy this Court's subject-matter jurisdiction, the Court must next determine whether dismissal is appropriate under Rule 19(b). American Water argues that the factors identified in Rule 19(b) weigh in favor of dismissal. Again, the Court agrees.

A judgment rendered in the absence of Indiana American would prejudice both American Water and Indiana American, and it is unlikely that such prejudice would be lessened or avoided through some court-ordered measure. A judgment rendered in the absence of Indiana American would also be highly inadequate, because, according to the Plaintiffs, Indiana American is responsible for the water services on Plaintiffs' property. Lastly, it appears as though the Plaintiffs have an adequate remedy if this matter is dismissed. The Plaintiffs have already filed suit against Indiana American in state court, and, as American Water notes, "all they would have to do is file an amended complaint to add American Water." American Water's Br. at ¶ 10.[1] For these reasons, the Court finds that dismissal is appropriate.

Despite the foregoing, the Plaintiffs argue that the Court should deny American Water's motion to dismiss because the motion is limited by Rules 12(g)(2) and 12(h)(2). Rule 12(g)(2)

---

[1] The Plaintiffs claim that they are time-barred from adding American Water to the state-court proceeding. This specific argument has not been brought to this Court's attention, and the Court declines to make any finding concerning the statute of limitations or any case management deadlines in the state court proceeding.

provides that, "[e]xcept as provided in Rule 12(h)(2) or (3), a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion." Rule 12(h)(2) further provides that "[f]ailure to . . . join a person required by Rule 19(b) . . . may be raised: (A) in any pleading allowed or ordered under Rule 7(a); (B) by a motion under Rule 12(c); or (C) at trial." Applying these rules, the Plaintiffs argue that, because American Water did not assert its Rule 19 defense in its original motion, and did not seek leave of Court to amend its motion pursuant to Rule 15(a), it cannot now make a Rule 19 argument. The Court does not agree.

Rule 15(a) provides, in pertinent part, as follows:

(1) **Amending as a Matter of Course**. A party may amend its pleading once as a matter of course within:

(A)  21 days after serving it, or

(B)  if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

(2) **Other Amendments**. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

The Plaintiffs argue that American Water did not follow this rule and thus its second amended motion should be denied. The Plaintiffs' argument is misplaced. Rule 15 applies to the amendment of pleadings, and as stated in the commentary following the rule, "a motion is not a 'pleading' as defined in Rule 7." The Plaintiffs point the Court to no other rules or case law, and the Court is not aware of any, which would prohibit American Water from amending its motion to dismiss in the manner or in the time-frame that it did. Additionally, the Plaintiffs had not yet responded to any of the motions filed by American Water, and they were thus not prejudiced by the multiple amendments. The Court also notes that while the legal grounds may have changed

between the various motions, the factual basis for the motions—that the Plaintiffs had sued Indiana American in state court—did not. Under these circumstances, the Court finds that American Water's amendments were not "untimely," such that its second motion to dismiss should be denied.

## IV.     CONCLUSION

For the reasons set forth above, the Defendant's second amended motion to dismiss (Dkt. No. 45) is **GRANTED**, and the Plaintiffs' motion to limit the Defendant's motion (Dkt. No. 47) is **DENIED**.

SO ORDERED: 3/26/15

_William T. Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic communication.